U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT 1 7 2005

ROBERT H. SHEMWELL, CLERK
BY _____
          DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH H. LAVALAIS | CIVIL ACTION NO. 04-1806 |
| VERSUS | JUDGE DEE DRELL |
| LYNN COOPER, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (Doc. # 13) filed by Defendant David Socia in the above captioned 42 U.S.C. § 1983 case. This matter was initially filed in the Middle District of Louisiana in August 2004, and was transferred to this Court by United States Magistrate Judge Dalby. (Doc. #3.) Plaintiff is proceeding pro se and in forma pauperis.

Plaintiff is currently incarcerated at the Avoyelles Correctional Center ("ACC") in Cottonport, Louisiana. On December 29, 2004, Plaintiff amended his complaint and requested that Defendant Lynn Cooper be dismissed from the case. Defendant David Socia is the only remaining defendant. (Doc. #9, 10.) Socia's motion to dismiss was referred to the undersigned Magistrate Judge for Report and Recommendation. (Doc. #14.)

### Factual Background and Nature of Claims

Plaintiff alleges that on March 10, 2004, David Socia, a nurse at ACC, administered the wrong medicine to the plaintiff. (Doc. #1, p.5.) Plaintiff claims that he recognized that he was being given the wrong medication and asked Socia to double check the log book. According to Plaintiff, Defendant Socia refused to check the log book and ordered Plaintiff to take the medicine or be written up. Plaintiff contends that he took the medication, which made him ill. He suffered from headaches, blurred vision, dizziness, and nightmares since the incident. (Doc. #1, p.5.)

## Law and Analysis

First, Defendant argues that Plaintiff's claim is time barred under Louisiana Revised Statute 15:1177. Defendant claims that, "[p]ursuant to La. R.S. 1177 [sic], judicial review of administrative acts must be filed within 30 days after receipt of the decision.... It was late and would be time barred under State Law. " (Doc. #13, p.2.) Presumably, Defendant was referring to Louisiana Revised Statute 15:1177, which provides that any offender who is aggrieved by an adverse decision by the Department of Public Safety and Corrections, *excluding decisions relative to delictual actions for injury or damages*... rendered pursuant to any administrative remedy procedures under this Part may, within 30 days after receipt of the decision seek judicial review of the decision only in the Nineteenth Judicial District Court. Here, Defendant's claim alleges a delictual action resulting in injury.

Further, under the Prison Litigation Reform Act, a prisoner must exhaust such administrative remedies as are available before he may file suit under § 1983. 42 U.S.C. §1997e. In this matter, the plaintiff exhausted his administrative remedies. (Doc. #13, Exhibit A.)

Defendant also argues that Plaintiff's claim is prescribed under Louisiana law. The subject incident occurred in March, 2004, and the instant suit was filed in August of 2004, after Plaintiff pursued his administrative remedies. Even without the benefit of tolling of prescription, Plaintiff's lawsuit was timely filed.

Next, Defendant argues that giving an inmate the wrong medication is not sufficient to state a cause of action under §1983 upon which relief can be granted. (Doc. #13, p.2.) Such a generalization is improper. In order for a convicted prisoner to succeed on a claim for damages under 42 U.S.C. § 1983 for inadequate medical care, he must demonstrate that there has been

"deliberate indifference to serious medical needs" by prison officials or other state actors. See Starwood v. Stalder, 1994 U.S. Dist. LEXIS 18556 (EDLA 1994); *citing* Estelle v. Gamble, 429 U.S. 97 (1976). For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Griffin v. Foti, 2003 U.S. Dist. LEXIS 22651, 7-9 (E.D. La. 2003), *citing* Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). "Deliberate indifference is an extremely high standard to meet ... The plaintiff must show that officials refused to treat him, ignored his complaints, *intentionally treated him incorrectly*, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id., *citing* Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks and citations omitted)(emphasis added). Here, Plaintiff asserts that he was intentionally treated incorrectly by being forced to take the wrong medication.

Defendant is correct that, while deliberate indifference to medical needs is actionable under § 1983, negligence and medical malpractice are not. Griffin v. Foti, 2003 U.S. Dist. LEXIS 22651, 8 (E.D. La. 2003). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Id., *citing* Baker v. McCollan, 443 U.S. 137 (1979). Negligent medical treatment is not a cognizable basis upon which to predicate a section 1983 action. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. See Estelle v. Gamble, 429 U.S. 97 (1976). In summary, allegations of negligence or malpractice alone are never sufficient to state a claim for constitutionally inadequate medical care. However, as noted above, Plaintiff does not simply allege negligence in medical care. Rather, Plaintiff claims that Defendant Socia insisted that Plaintiff take the medication

given to him after the plaintiff informed Socia that one of the pills was not his. Based on the pleadings, Plaintiff has stated a cognizable §1983 claim.

Therefore, the defendant's motion to dismiss should be denied. **The parties are instructed to review and follow the Memorandum Order of April 27, 2005, <u>by filing, if appropriate, motions for summary judgment and supporting evidence</u> or by filing Statements of Issues for trial.** (Doc. #10.)

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 14th day of October, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE