U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 1 0 2005

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH H. LAVALAIS,<br>Plaintiff<br><br>VERSUS<br><br>LYNN COOPER, et al.,<br>Defendants | CIVIL ACTION<br>SECTION "P"<br>NO. CV04-1806-A<br><br><br>JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Kenneth H. Lavalais ("Lavalais") on August 30, 2004. The named defendants are Davis Socia, Warden Lynn Cooper, Ms. Wooder, Dr. Pacho, and Kathy Gremillion, all employees at the Avoyelles Correctional Center ("ACC") in Cottonport, Louisiana.

In his amended complaint (Doc. Item 9), Lavalais stated that he wanted to dismiss Warden Lynn Cooper as a defendant. Moreover, Warden Lynn Cooper, Ms. Wooder, Dr. Pacho, and Kathy Gremillion were never served. Lavalais never completed a summonses for these defendants and no attempt was ever made to effect service. Accordingly, I will recommend that the complaint against these defendants be dismissed without prejudice under Fed.R.Civ.P. 4(m). See McGinnis v. Shalala, 2 F.3d 548, 550 (5th Cir. 1993), cert. den., 510 U.S. 1191, 114 S.Ct. 1293, 127 L.Ed.2d 647 (1994); Systems Signs Supplies v. U.S. Dept. of Justice, 903 F.2d 1011,

1013 (5th Cir. 1990); Kersh v. Derosier, 851 F.2d 1509, 1512 (5th Cir. 1988).

Therefore, the sole remaining defendant is David Socia ("Socia"), a nurse employed at the Avoyelles Correctional Center ("ACC") in Cottonport, Louisiana. Lavalais alleges that, when he was incarcerated in ACC on March 10, 2004, Socia forced him to take the wrong medication; Lavalais contends he then suffered headaches, blurred vision, dizziness, and bad dreams, and that he had to stay in the infirmary three hours after he ingested it. For relief, Lavalais asks for monetary damages. Lavalais is currently incarcerated in the ACC.

Socia filed a motion for summary judgment (Doc. Item 17), with an affidavit and documentary evidence from ACC records. Lavalais failed to file any response to Socia's motion. The motion for summary judgment is now before the court for disposition.

## Law and Analysis

### The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material". A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to

establish the existence of a genuine issue of material fact for trial. In this analysis, we review the facts and draw all inferences most favorable to the nonmovant. <u>Herrera v. Millsap</u>, 862 F.2d 1157, 1159 (5th Cir. 1959). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. <u>Topalian v. Ehrman</u>, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

<u>Claims Against Socia</u>

Lavalais contends Socia administered the wrong medication to him on March 10, 2004, which caused him to be "sick and dizzy"; he had to sit in the infirmary for about three hours to make sure there were no adverse effects (Doc. Item 17, Ex.). Lavalais stated in a grievance that, when he advised Socia it was the wrong medication, Socia looked it up to make sure it was correct (Doc. Item 17, Ex.).

Socia submitted a certified copy of Lavalais' administrative remedy procedure ("ARP") records, which included a medical record for March 10, 2004. Lavalais's medical record shows he refused to take the medication, which appears to have been in the wrong dosage. On observation in the infirmary, it was noted that Lavalais was alert, coherent, well oriented, and had a normal gait (Doc. Item 17, Ex.). An unverified statement from Socia which was

4

also attached to the ARP records, reflects that when Lavalais said the medication was incorrect, he checked the chart and told Lavalais not to take it, so Lavalais did not take the wrong medication. Socia also stated he did not tell Lavalais he would "write him up" if he did not take the medication.

Under the Eighth Amendment, a lack of proper inmate medical care can be "cruel and unusual punishment" only if it is "sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Supreme Court defined "deliberate indifference" as "subjective recklessness", or, in other words, a conscious disregard of a substantial risk of serious harm. <u>Farmer v. Brennan</u>, 511 U.S. 825, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994). Because an inadvertent failure to provide adequate medical treatment does not violate the Eighth Amendment, deliberate indifference does not include a complaint that a physician has been negligent in diagnosing or treating a medical condition, <u>Estelle</u>, 97 S.Ct. at 291, or a difference of medical opinion between the prison's medical staff and the inmate about what medicines or treatments the inmate should be receiving, <u>Norton v. Dimazana</u>, 122 F.3d 286, 292 (5th Cir. 1997).

Socia's uncontroverted summary judgment evidence does not show that Lavalais took the wrong medication, or that he suffered any injury after taking his medication. In any case, even if the wrong

5

medication was administered, Lavalais' claims do not amount to more than negligence by Socia. Since negligence does not state a constitutional claim cognizable under Section 1983, there are no genuine issues of material fact which would preclude a summary judgment in favor of Socia. Therefore, Socia's uncontested motion for summary judgment should be granted.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Lavalais' complaint against Warden Lynn Cooper be DISMISSED WITH PREJUDICE on motion of Lavalais and for failure to effect service of process.

IT IS FURTHER RECOMMENDED that Lavalais' complaint against Ms. Wooder, Dr. Pacho and Kathy Gremillion be DISMISSED WITHOUT PREJUDICE for failure to effect service of process.

IT IS FURTHER RECOMMENDED that David Socia's motion for summary judgment be GRANTED and that Lavalais' complaint against David Socia be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District

Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 10th day of July, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE